IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                    NO. 4:22-cr-00071-KGB-9

KHI SIMMS                                                                                DEFENDANT

## ORDER

Defendant Khi Simms was initially detained with a right to an immediate bond hearing at a later date (Dkt. No. 45). Mr. Simms requested a bond hearing, and United States Magistrate J. Thomas Ray conducted a hearing (Dkt. No. 90). After the hearing, Judge Ray issued an order of detention pending trial after determining that, by preponderance of the evidence, there was no condition or set of conditions that would reasonably assure Mr. Simms's appearance at future Court proceedings (Dkt. No. 92). Mr. Simms appeals Judge Ray's detention Order (Dkt. No. 95). The government responded to Mr. Simms' appeal (Dkt. No. 98), and Mr. Simms replied (Dkt. No. 100). The Court conducted a hearing on the pending appeal (Dkt. No. 116). For the following reasons, the Court determines that Mr. Simms shall remain detained pending trial.

I.      **Procedural Background**

Mr. Simms, along with many other named defendants, has been charged in a multi-count superseding indictment with violating 18 U.S.C. § 1344 for conspiracy to commit bank fraud, 18 U.S.C. § 1343 for committing wire fraud, 18 U.S.C. §1028A(a)(1) with aggravated identity theft, and 18 U.S.C. § 922(g)(1) with felon in possession of a firearm (Dkt. No. 121). The defendants are alleged to have participated in a scheme whereby they defrauded Bank of America utilizing unemployment debit cards. The initial indictment charging Mr. Simms and certain co-defendants was filed on March 2, 2022 (Dkt. No. 3). Mr. Simms was arrested shortly thereafter. The evidence

presented at the bond hearing with respect to this offense meets, or exceeds, the standard for probable cause.

Mr. Simms was arrested on the current charges at his residence. A search warrant was executed at Mr. Simms's residence where Federal Bureau of Investigation ("FBI") officers found a firearm, multiple magazines, and boxes of ammunition. At the time the search warrant was executed, Mr. Simms was a convicted felon and had a pending case for being a prohibited person in possession of a firearm in state court. A bond hearing for Mr. Simms was held on March 29, 2022, during which Judge Ray found by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Mr. Simms's appearance as required. On March 30, 2022, Judge Ray signed an order of detention for Mr. Simms (Dkt. No. 92). This appeal followed (Dkt. No. 95).

**II.     Standard of Review**

The Bail Reform Act of 1984 provides that, if a person is ordered detained by a magistrate judge, that person may file with the district court a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The review by the district court is *de novo*. *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985).

The Eighth Circuit has explained that, in most circumstances,

> [c]onsistent with the intent expressed in the legislative history, the statutory scheme of 18 U.S.C. § 3142 continues to favor release over pretrial detention. Section 3142 provides four alternatives from which the judicial officer must choose: (1) release on personal recognizance or unsecured appearance bond, or (2) release subject to certain conditions, or (3) temporary detention to permit, among other things, revocation of conditional release, or (4) pretrial detention. The judicial officer most often will be deciding between the first and the second alternatives. The statutorily mandated progression from one choice to the next is critical: a judicial officer cannot determine that a detention hearing and the possible imposition of pretrial detention is appropriate merely by determining that release on personal recognizance will not "reasonably assure" the defendant's appearance at trial or "will endanger" the community. The judicial officer must also consider whether

presented at the bond hearing with respect to this offense meets, or exceeds, the standard for probable cause.

Mr. Simms was arrested on the current charges at his residence. A search warrant was executed at Mr. Simms's residence where Federal Bureau of Investigation ("FBI") officers found a firearm, multiple magazines, and boxes of ammunition. At the time the search warrant was executed, Mr. Simms was a convicted felon and had a pending case for being a prohibited person in possession of a firearm in state court. A bond hearing for Mr. Simms was held on March 29, 2022, during which Judge Ray found by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Mr. Simms's appearance as required. On March 30, 2022, Judge Ray signed an order of detention for Mr. Simms (Dkt. No. 92). This appeal followed (Dkt. No. 95).

**II.     Standard of Review**

The Bail Reform Act of 1984 provides that, if a person is ordered detained by a magistrate judge, that person may file with the district court a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The review by the district court is *de novo*. *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985).

The Eighth Circuit has explained that, in most circumstances,

> [c]onsistent with the intent expressed in the legislative history, the statutory scheme of 18 U.S.C. § 3142 continues to favor release over pretrial detention. Section 3142 provides four alternatives from which the judicial officer must choose: (1) release on personal recognizance or unsecured appearance bond, or (2) release subject to certain conditions, or (3) temporary detention to permit, among other things, revocation of conditional release, or (4) pretrial detention. The judicial officer most often will be deciding between the first and the second alternatives. The statutorily mandated progression from one choice to the next is critical: a judicial officer cannot determine that a detention hearing and the possible imposition of pretrial detention is appropriate merely by determining that release on personal recognizance will not "reasonably assure" the defendant's appearance at trial or "will endanger" the community. The judicial officer must also consider whether

> one of the codified conditions or any combination of the conditions will "reasonably assure" the defendant's appearance and the safety of the community. The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention.

*United States v. Orta*, 760 F.2d 887, 890-91 (8th Cir. 1985).

Pursuant to 18 U.S.C. § 3142(e)(1), "[i]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." The facts the judicial officer uses to support such a finding shall be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B).

### III. Analysis

The parties agreed that this Court could consider as evidence on appeal the transcript of the hearing before Judge Ray and that each party could present evidence anew at the appeal hearing, as though that was the first hearing. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990) (determining that the court independently makes its own *de novo* determination of the facts and the propriety of detention without deference to the magistrate judge's findings or conclusions and that the court may conduct evidentiary hearings if "necessary or desirable"); *United States v. Walters*, 89 F. Supp. 2d 1217, 1219-20 (D. Kan. 2000) (explaining the district court is not required to "start from scratch" but instead may incorporate the record of the proceedings conducted below or open up the proceedings to take more evidence); *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (concluding that the court may incorporate the record of the detention hearing conducted by the magistrate judge). The Court has considered *de novo* all evidence, testimony, and argument presented by the government and Mr. Simms.

After considering the matter, this Court determines that no condition or combination of conditions will reasonably assure the appearance of Mr. Simms as required and the safety of any other person and the community, so Mr. Simms must be detained pending trial.  The Court has considered whether Mr. Simms should be released on conditions such as electronic monitoring, curfew, weekly reporting, or whatever else might satisfy the Court during the pendency of the case.

The Court determines that open lines of communication with the Court and all court personnel, honesty, and keeping your word are paramount if pretrial detention with restrictions such as those counsel for Mr. Simms suggests and this Court has considered are to be reasonably successful.  It is also important that the defendant demonstrate a willingness to abide by the terms and conditions imposed by the Court.

In this case, Mr. Simms has continually failed to abide by the terms and conditions imposed on him since his earlier felony state convictions.  The Court credits Arkansas Parole and Probation Officer Nicki Cochran, who testified that Mr. Simms, while on state probation, absconded multiple times and was revoked multiple times, including being returned to the Arkansas Department of Corrections for failure to meet the terms of his state probation.

In one instance, Mr. Simms was caught violating the terms of his release when he was pulled over in Oklahoma City by a state trooper for speeding on April 8, 2021.  Even if Mr. Simms was honest in his excuse that he was performing as a rapper at an event, he violated a clear condition of his release by leaving the state without permission.

Mr. Simms's inability to comply with the terms of his parole also includes his regular drug use and no proof of employment.  Officer Cochran testified that Mr. Simms had four positive drug screens for marijuana and admitted using the drug on one occasion.  Mr. Simms also declined to attend substance abuse treatment, even though he was referred to a facility.  Officer Cochran also

stated that Mr. Simms claimed to have a job, but he provided no proof of such employment with either a letter from his employer or a paycheck stub when requested to do so.

Most notably, as part of the search that was executed on Mr. Simms's residence the day he was arrested for the pending charges, FBI agents found a firearm, multiple magazines, and boxes of ammunition. Yet, Mr. Simms is a convicted felon and, at the time the FBI executed the search warrant, already had a pending case for prohibited person in possession of a firearm in state court.

The only assurance Mr. Simms has provided is that he did not attempt to flee or go into hiding when he discovered that he was under FBI investigation. Mr. Simms points to the testimony of witnesses who state that Mr. Simms was aware that he was being investigated by FBI agents up to six months before he was arrested in March 2022. Mr. Simms also asks the Court to consider the fact that he was compliant during his arrest, as well as other factors such as the likely prolonged detention due to the nature of the case.

While Mr. Simms may not have fled after discovering the FBI's investigation, this does not change his past acts in failing to comply with conditions imposed nor does it assure the Court that he will not do so in the future. This offense involves allegations that Mr. Simms has access to sums of money that do not belong to him. Certain allegations in the conspiracy involve conduct in or out of California. Mr. Simms has a prior felony conviction for forgery, as well as convictions for failing to appear and fleeing. Further, Mr. Simms is now fully aware that, if convicted, he faces a possible maximum of 30 years in prison. The Court is concerned that these factors and the potential severity of punishment might encourage Mr. Simms to flee, especially given the ongoing nature of the investigation.

IV.     **Conclusion**

Based upon the Court's *de novo* review of the evidence in this case, the Court determines by a preponderance of the evidence that it is unlikely that Mr. Simms will now abide by the terms of any pre-trial release and that there are no conditions of release that will reasonably ensure his appearance at future Court proceedings. Further, the Court determines by clear and convincing evidence that Mr. Simms is a danger to the safety of the community and that no conditions of release will reasonably ensure the safety of the community pending further Court proceedings.

For these reasons, the Court determines that Mr. Simms shall be detained in the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. He must be afforded a reasonable opportunity to consult privately with defense counsel. On Order of this Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Mr. Simms to the United States Marshal for court appearance.

It is so ordered this 31st day of October, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge